967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald J. LAUGHLIN, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Department of
Transportation; Samuel K. Skinner, Secretary, U.S.
Department of Transportation; U.S. Coast Guard; Paul Yost,
Admiral, Commandant, U.S. Coast Guard; John W. Kime, Rear
Admiral, District Commander, U.S. Coast Guard, Capt. J.M.
MacDonald, Officer in Charge Marine Inspection &
Decontamination Division, U.S. Coast Guard; G.A. Casimer,
Marine Safety Division, 11th Coast Guard District, U.S.
Coast Guard, Defendants-Appellees.
 No. 91-15301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided June 15, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald J. Laughlin appeals the district court's order dismissing in part his complaint against the United States and denying his motion for partial summary judgment. We affirm.
 
 
 3
 * Laughlin owns the Riverside Resort and Casino in Laughlin, Nevada. Laughlin operates a free ferry service across the Colorado River between Nevada and Arizona. Arizona officials have enforced a statute requiring each ferry passenger twelve years of age or under to wear a life preserver during the crossing. See Ariz.Rev.Stat.Ann. § 5-331(c) (1989). Coast Guard regulations require only that vessels carry life preservers. See 46 C.F.R. § 180.25-5 (1991).
 
 
 4
 The parties agree that Laughlin's ferry is subject to Coast Guard regulations. In 1988, Laughlin asked the Coast Guard for a determination that Coast Guard regulations preempted the Arizona statute. The Coast Guard issued an opinion stating that it did not consider the Arizona statute to be preempted. Laughlin appealed that determination and it was ultimately affirmed in a letter on July 26, 1989 from a representative of the Commandant of the Coast Guard.
 
 The letter states in pertinent part:
 
 5
 It is our position that state laws which require the wearing of personal flotation devices (PFDs) by children are not preempted by federal law. The state requirement for a child to wear a PFD does not impede substantially the free flow of commerce from state to state. Likewise, compliance with the local requirements of a state government do not relieve you of the requirement to comply with the federal laws pertaining to vessels carrying passengers.
 
 
 6
 In August, 1989, Laughlin filed a "Petition for Judicial Review and Complaint for Declaratory and Injunctive Relief" against the United States, the Coast Guard, and Coast Guard officials. Laughlin asked for judicial review of the Coast Guard decision outlined in the July 26, 1989 letter. Laughlin claimed the Coast Guard decision violates the Commerce Clause because it subjects him to "conflicting regulations" of the Coast Guard and the state of Arizona. He asked for declaratory and injunctive relief.
 
 
 7
 The United States moved for partial dismissal of the complaint and Laughlin moved for partial summary judgment. The district court granted the motion for partial dismissal and denied Laughlin's motion for partial summary judgment. The district court found that Laughlin had not alleged that the Coast Guard was in any way enforcing the Arizona statute. The district court continued:
 
 
 8
 In fact, the Coast Guard has not taken any action at all in this matter, aside from stating its position on the state/federal law preemption issue in an opinion letter. Without some sort of active enforcement by the Coast Guard of the Arizona statute that the plaintiff objects to, it would be inappropriate to allow the Coast Guard to be named as a defendant in this action.
 
 
 9
 District court order at 2-3 (Dec. 14, 1990).
 
 
 10
 The court found that "there is no substantial controversy between the plaintiff and the Coast Guard of sufficient immediacy and reality to warrant issuance of a declaratory judgment or injunctive relief." Id. at 4. The court granted the United States' motion for partial dismissal and denied Laughlin's motion for partial summary judgment. The court denied Laughlin's motion to reconsider, alter, or amend the decision and stayed the action pending this court's resolution of the issue on appeal. Laughlin filed a timely notice of appeal.
 
 II
 
 11
 We first address whether the district court was correct in dismissing the action in part because of its determination that no case or controversy exists between Laughlin and the Coast Guard. We review dismissals for failure to state a claim and rulings on motions for summary judgment de novo. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 12
 Laughlin argues that a justiciable issue exists because he "is still being forced to adhere to two conflicting statutes." Laughlin contends that somehow it is impossible for him to obey a regulation that requires him to carry life preservers on board for each passenger and a statute that requires each passenger under twelve years of age to wear a life preserver.
 
 
 13
 This reasoning defies common sense. Laughlin has made no showing that the Coast Guard has sought to prosecute him in any way for allowing children to wear the life preservers instead of insisting that they be kept stowed. In fact, the Coast Guard regulation does not address at all the issue of when the life preservers should be worn.
 
 
 14
 To establish a case or controversy, a party must show that "the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).
 
 
 15
 As discussed above, there is no sufficient "reality" that the Coast Guard will take some action to enforce the Arizona statute that is the subject of Laughlin's ire. It is obvious that his real grievance is the enforcement of the Arizona statute:
 
 
 16
 Appellant Laughlin also has a personal interest in not being forced to adhere to a statute that, as applied to him, does not serve any valid safety concern or purpose. Appellant Laughlin's ferryboat ride lasts less than one minute and travels a distance of but a few hundred feet on calm river water. Requiring all children aboard to wear life preservers for this short trip is time consuming, unnecessary and does not enhance the safety of an already extremely safe ferry ride.
 
 
 17
 Appellant's opening brief at 11-12. Whatever remedies, if any, may exist for this grievance, suing the Coast Guard is not one of them.
 
 III
 
 18
 Laughlin claims the district court erred by refusing his request for oral argument on his motion for partial summary judgment and the government's motion for partial dismissal. "[F]ailure to grant oral argument is not reversible error in the absence of prejudice." Smith v. Retirement Fund Trust, 857 F.2d 587, 592 (9th Cir.1988). We will not reverse on this ground where "[p]rejudice is not self-evident from the description of the proceedings, and [where appellant] has not explained how it might have been prejudiced." Id. Laughlin has not demonstrated prejudice and we find none given the clarity of the legal issues.
 
 IV
 
 19
 Laughlin contends that the Coast Guard is "acting contrary to the spirit of the Port Preference Clause." U.S. Const. art. I, § 9, cl. 6. We do not review issues not raised below unless the proponent can show exceptional circumstances as to why the issue was not properly raised below. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Laughlin has not shown any extraordinary circumstances to excuse his failure to properly raise the issue below. We therefore decline to consider it on appeal.
 
 
 20
 In his reply brief, Laughlin raises the issue of potentially conflicting Nevada and Arizona statutes. Neither Laughlin nor the government discuss the issue in their opening briefs, nor does it appear the issue was ever before the district court. Accordingly, we will not consider the issue on appeal. See id.; Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3